**WO**                                                                                           JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Skinner,                )  | No. CV 06-1879-PHX-SMM (ECV) |
|            Plaintiff,              )  | **ORDER** |
| vs.                                    )  | |
| Dora Schriro, et al.,           )  | |
|            Defendants.         )  | |

Plaintiff James Skinner brought this civil rights action under 42 U.S.C. § 1983 against three officials from the Arizona Department of Corrections (ADC) (Doc. #7). Defendants Arnold and Evans filed a combined Motion to Dismiss Count II and Motion for Enlargement to File Responsive Pleading (Doc. #15).[1] Plaintiff responded, and Defendants replied (Doc. ##18, 24). The Court will deny the motion as to Count II and grant the motion for an extension to file an answer.

**I.    Background**

In his First Amended Complaint, Plaintiff alleged that in May 2006 he was moved from Special Management Unit (SMU)-I general population to the Violence Control Unit (VCU) for approximately 90 days (Doc. #7). As a result, he lost privileges including headphones, cassette player, electric razor, telephone calls, and canteen (id. at 5). Plaintiff alleged that the VCU cell had restricted air flow and stifling temperatures with the only vent blowing hot, fetid air into the cell (id. at 6-7). He further alleged that diesel fumes were

---

[1] One named Defendant, O'Brien, has not yet been served (Doc. #9).

vented in to the cell, which caused him nausea and severe migraines (id. at 7). Plaintiff claimed that he was stripped of privileges and put in the VCU cell without any notice of charges, a hearing, the written reasons for the action, or a disciplinary report as required under the ADC disciplinary policy (id. at 5, 7). Further, Plaintiff alleged that SMU Deputy Wardens O'Brien and Arnold, and Corrections Officer III Evans are part of an unofficial board that enforces a policy or practice of confining inmates involved in incidents with staff or other inmates to VCU for time periods that exceed that provided for under the disciplinary policy (id. at 5-6, 10). Plaintiff asserted that Defendants sentenced him to VCU for nearly 90 days without authorization and in violation of his due process rights (id. at 10-11).

Upon screening Plaintiff's First Amended Complaint, the Court found that Count I sufficiently alleged that the conditions of confinement in VCU constituted an "atypical and significant hardship" that was materially different from the ordinary incidents of confinement (Doc. #8 at 4, citing Sandin v. Conner, 515 U.S. 472, 484 (1995)). The Court determined that Count II sufficiently alleged violations of Plaintiff's Fourteenth Amendment Due Process rights and specifically, his right to procedural due process (Doc. #8 at 3-4).[2]

In their motion, Defendants contended that for Count II Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #15). Defendants conceded that in June 2006, Plaintiff submitted a request for administrative relief about his placement in VCU, which they argued relates only to Count I (id. at 4-5). Because placement is not grievable under the ADC grievance procedures, Defendants acknowledged that Plaintiff's attempt to grieve the issue exhausted the available remedies for Count I (id.). But they argued that Plaintiff only asked to be moved out of VCU—he never raised the issue of a secret board that placed him there, nor did he file any staff grievances about alleged misconduct by Defendants (id. at 5). In support of their motion, Defendants proffered the declaration of Aurora Aguilar, Hearing Officer at the ADC's Central Office in Phoenix (Doc. #15, Ex. A). Aguilar attested that she reviewed the

---

[2]The Court dismissed Count III on screening for failure to state a claim (Doc. #8 at 3).

computerized log of all grievance appeals submitted to the Director but found no appeals from Plaintiff that related to a secret VCU board or to the actions of Defendants (id., Aguilar Decl. ¶¶ 6-8). Defendants also submitted a copy of Department Order (DO) 802, the policy governing the inmate grievance system, and a copy of Plaintiff's June 2006 inmate letter and response thereto (id., Attach. 1, Ex. B).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. #16).[3] In response, Plaintiff asserted that Count II goes directly to procedural due process violations of the ADC disciplinary policy, which DO 802 explicitly stated cannot be grieved (Doc. #18 at 1). He claimed that the inmate letter he submitted specifically referenced DO 803—the policy governing the inmate discipline system (id. at 6). Plaintiff argued that because his inmate letter addressed both his placement and his due process concerns about that placement, the response informing him that he could not grieve discipline exhausted any available remedies for both Counts I and II. Plaintiff submitted copies of DO 802, his June 2006 inmate letter and response, and DO 804, which governs inmate behavior control (id., Exs. A-C).[4]

Defendants replied that contrary to Plaintiff's assertion, Count II is not related to discipline; rather, it concerns allegations of Defendants' misconduct in participating in a secret board that enforced its own policy (Doc. #24 at 2). They contended that this type of claim, which alleges actions that fall outside of the inmate discipline policy, must be raised in a staff grievance (id.). Defendants attached a copy of DO 804-IO E, § 804.06—the policy directly related to VCU placement (id., Ex. A).

## II. Exhaustion

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir.

---

[3]Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

[4]The Court subsequently granted Plaintiff's request to proffer a copy of the VCU policy as Exhibit D in support of his response (Doc. ##26-27, 30). This is the same policy excerpt that Defendants submitted with their reply (Doc. #24, Ex. A).

2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint. Porter, 534 U.S. at 525 (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case"). The specificity in a grievance required to exhaust depends on the administrative system; "the grievances must contain the sort of information that the administrative system requires." Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### III. Analysis

At issue is whether Plaintiff's June 2006 inmate letter, which constituted the first step in the ADC grievance process, addressed the claim raised in Count II—alleged procedural due process violations (see Doc. #8 at 4). In the inmate letter Plaintiff wrote:

> I am attempting to informally resolve the following problem:
>     On May 16, 2006, I was removed from 2/A/29 to VCU 1/B/46. However I was given no disciplinary report (see DO 803).
>         I am requesting to be returned to 2/A/29 or any other available cell.

//

//

- 4 -

The response, which was written on the bottom half of the inmate letter form, was as follows:

> June 28, 2006.
> Placement is not grievable, but VCU staff has informed me that you will likely be there for ~= 90 days.
> CO$^3$ Evans

(Doc. #15, Ex. B). Defendants maintain that this complaint only reflects a request to be moved out of VCU; thus, it goes only to Count I (Doc. #15 at 5). Plaintiff claims that it also concerns procedural due process violations of the ADC disciplinary policy and therefore addresses Count II (Doc. #18 at 6, 8).

To conclude that Plaintiff's inmate letter simply requested a move out of VCU would require the Court to ignore the phrase "[h]owever, I was given no disciplinary report (see DO 803)." Although succinct, this sentence clearly puts forth part of the problem that Plaintiff was grieving. The alleged denial of a disciplinary report directly relates to Plaintiff's procedural due process claim set forth in Count II. The response to the inmate letter does not make the distinction that Defendants now argue existed; namely, that Plaintiff could have either grieved his concern about individual officers involved in the VCU placement or specifically complained about a secret board enforcing its own policy.

### A. Individual Staff Grievances

Under DO 802, the only specific requirement as to the information an inmate must provide in an inmate letter is that it shall begin with the statement, "I am attempting to informally resolve the following problem" (Doc. #15, Attach.1, DO 802.08 § 1.2). The inmate letter form asks the inmate to "[s]tate briefly but completely the problem on which you desire assistance. Provide as many details as possible" (Doc. #15, Ex. B). The form does not ask for anything more that a description of the grievance. Specifically, the inmate letter form does not ask the inmate to state the names of the prison officials.

Plaintiff's inmate letter provides all the information required by the policy and the form instructions. The description of his grievance is straightforward; he was placed in VCU, he did not get a disciplinary report, he references the disciplinary policy, and he requests to be moved out of VCU (id.). The purpose of a grievance is to alert prison official

to a problem, not—as Defendants suggest—to provide personal notice to a specific official that he or she may be sued. See Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004). Plaintiff's inmate letter was sufficient to provide the prison with a fair opportunity under the circumstances to address the problem and to put the prison on notice of the potential claims. As the Ninth Circuit has observed, when an inmate has followed the instruction on the grievance form to "describe the problem," he has "availed himself of the administrative process the state gave him." Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005). Requiring Plaintiff to exhaust separate staff grievances as to each Defendant on the same issue is unnecessary; the purpose of the exhaustion requirement has already been met.

### B.     Standard Grievance Related to a "Secret Board"

Defendants attempt to limit Count II to Plaintiff's allegation that Defendants were part of a secret board that enacted its own policy in violation of ADC disciplinary procedures (Doc. #15 at 2, 5). This narrow reading of Plaintiff's allegations does not properly reflect the claim set forth in Count II. Indeed, in his First Amended Complaint Plaintiff specifically stated that Count II involved procedural due process (Doc. #7 at 10 ¶ 2). Moreover, Plaintiff properly incorporated by reference all the facts that were presented in Count I (id. ¶ 3). Count II therefore concerns not only the allegations of a secret board but, more importantly, the sentence in VCU imposed on Plaintiff by this board in violation of his due process rights; specifically lack of any notice of charges, a hearing, or a disciplinary report (id. at 5, 8, 10).

Plaintiff's complaint in the inmate letter about the lack of a disciplinary report and his reference to the disciplinary policy were sufficient to put prison officials on notice of a potential claim related to procedural due process violations (Doc. #15, Ex. B). Plaintiff's failure to specifically use the words "secret board" does not defeat his due process claim in Count II. Further, the CO III's failure to address the complaint about the absent disciplinary report cannot result in a finding of nonexhaustion. It was reasonable for Plaintiff to conclude that there were no available remedies for his claim concerning due process after he was informed that VCU placement was not grievable. See Brown, 422 F.3d at 935 (holding that "a prisoner need not press on to exhaust further levels of review once he has either received

all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available"); see also Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (holding that if prison officials informed the prisoner that he could not grieve an issue, the formal grievance proceeding was never available); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) ("a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)").

In sum, Defendants have failed to meet their burden of demonstrating that after the CO III's response to Plaintiff's inmate letter, Plaintiff had any available administrative remedies for his claim in Count II. The Motion to Dismiss Count II will therefore be denied.

The Motion for Enlargement to File a Responsive Pleading, however, will be granted. Defendants will be provided 20 days in which to submit an answer to Plaintiff's First Amended Complaint.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss Count II (Doc. #15) is **denied**.

(2) Defendants' Motion for Enlargement to File Responsive Pleading (Doc. #15) is **granted.**

(3) Defendants must file an answer to Counts I and II of Plaintiff's First Amendment Complaint within 20 days from the date of this Order.

DATED this 27th day of July, 2007.

Stephen M. McNamee
United States District Judge