**WO**                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Skinner, ) | No. CV 06-1879-PHX-SMM (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Dora Schriro, et al., ) | |
| Defendants. ) | |

Plaintiff James Skinner brought this civil rights action under 42 U.S.C. § 1983 against Deputy Warden Arnold and Correctional Officer Evans—officials with the Arizona Department of Corrections (ADC) (Doc. #7).[1] Before the Court are two motions filed by Plaintiff: Motion to Enjoin Defendants (Doc. #33) and Motion for Preliminary Ruling (Doc. #37). Arnold and Evans (Defendants) opposed the motions (Doc. #39).

The Court will deny the two motions.

**I.   Background**

In his First Amended Complaint, Plaintiff alleged that in May 2006 he was moved from Special Management Unit (SMU)-I general population to the Violence Control Unit (VCU) for approximately 90 days. (Doc. #7.) As a result, he lost privileges and was subjected to a VCU cell that had restricted air flow and stifling temperatures. (Id. at 5-7.) He further alleged that diesel fumes were vented into the cell, which caused him nausea and severe migraines. (Id. at 7.) Plaintiff claimed that he was stripped of privileges and put in

---

[1] Another named Defendant, Deputy Warden O'Brien, has not been served (Doc. #28).

the VCU cell without any notice of charges, a hearing, the written reasons for the action, or a disciplinary report as required under ADC disciplinary policy. (Id. at 5, 7.) Further, Plaintiff alleged that Arnold and Evans are part of an unofficial board that enforces a policy or practice of confining inmates involved in incidents with staff or other inmates to VCU for time periods exceeding those provided for under the disciplinary policy. (Id. at 5-6, 10.)

Upon screening Plaintiff's First Amended Complaint, the Court found that Count I sufficiently alleged that the conditions of confinement in VCU constituted an "atypical and significant hardship" that was materially different from the ordinary incidents of confinement. (Doc. #8 at 4, citing Sandin v. Conner, 515 U.S. 472, 484 (1995).) The Court determined that Count II sufficiently alleged violations of Plaintiff's Fourteenth Amendment Due Process rights and, specifically, his right to procedural due process. (Doc. #8 at 3-4.)[2] Defendants were therefore ordered to answer Counts I and II. (Id.) Defendants moved to dismiss both claims for failure to exhaust available administrative remedies; the Court denied the motion (Doc. ##15, 31). Defendants then filed an Answer (Doc. #35).

Plaintiff now seeks preliminary injunctive relief as set forth in two separate motions: "Motion to Enjoin Defendants From Further Reprisals and Retaliation, and to Return his Legal Papers" (Doc. #33) and "Motion for Preliminary Ruling that Institution Order B04-10E, 804.06 Violence Control Unit, is Unconstitutional" (Doc. #37).

**II.  Plaintiff's Motions**

The first motion concerns a box of Plaintiff's legal papers, which he claims was seized by Special Security Unit Officers Carlson and Celaya in June 2007. (Doc. #33 at 2.) Plaintiff alleges that when they confiscated the box, they did not give Plaintiff a Seized-Property Receipt as required. He states that the box was then mailed—without his authorization—to Massachusetts. (Id. at 3).

Shortly thereafter, Plaintiff obtained the copy of an ADC memorandum that instructed all staff to discontinue using the terms "VCU" or "Violence Control Unit." (Id. at 4 & Ex.

---

[2] The Court dismissed Count III on screening for failure to state a claim (Doc. #8 at 3).

C.) Plaintiff alleged that VCU prisoners who were scheduled for release were informed that they would be permanently confined to VCU and its harsh conditions. (Id. at 4.)

Plaintiff requests that the Court order Defendants to produce the Seized-Property Receipt for the box of legal papers taken from him, release those prisoners from VCU who have no disciplinary report, and enjoin Defendants from any further retaliation. (Doc. #33 at 5-6.)

Plaintiff's second motion seeks a preliminary ruling from the Court that Institution Order 804-10E, 804.06, Violence Control Unit—the VCU Policy—is a punitive segregative policy that violates procedural due process rights of prisoners and is therefore unconstitutional. (Doc. #37.) In support, he points to the VCU Policy, which provides that a 90-180 day sentence is immediate upon placement in VCU despite the lack of any written notice, an opportunity to present evidence, a hearing, or any written statement regarding the evidence relied upon to support placement. (Id. at 3.) Plaintiff contends that there is no legitimate governmental interest for the VCU Policy. (Id. at 4.)

Defendants filed one response to both motions (Doc. #39). They argue that Plaintiff is not entitled to the injunctive relief sought in his first motion because he seeks to enjoin ADC officers who are not defendants in this action, nor does the relief sought pertain to the underlying claims in this action. (Id. at 3-4.) Defendants also contend that Plaintiff makes no showing of irreparable harm or likely success on the merits. (Id. at 5.) As to the second motion, Defendants note that VCU is in the process of being dismantled and Plaintiff is no longer subject to the policies he complains about; thus, they maintain that this request for injunctive relief is moot. (Id.) To support their opposition to the motions, Defendants submit the declaration of Barbara Ams, a Correctional Officer with ADC. (Id., Ex. A, Ams Aff. ¶ 1.)[3]

In his reply, Plaintiff indicates that on September 5, 2007, he spoke with Carlson and

---

[3] Defendants also proffered the declaration of Bennie Rollins; however, the declaration is incomplete (Doc. #39, Ex. B). Only the first two pages of the declaration are included, and there is no signature of Rollins.

- 3 -

his box of legal papers was returned. (Doc. #40 at 2.)  Plaintiff states his willingness to withdraw his Motion to Enjoin Defendants (id.).

As to the motion for a preliminary ruling, Plaintiff contends that only the VCU title was repealed; not the application of the policy itself (Doc. #40).  Plaintiff states that Defendants have merely changed the name from VCU to "Maximum Custody" but that the conditions and operations are the same (id. at 3).  He claims that there remains a lack of procedural due process and that recently, for no reason and with no warning, Defendants placed Plaintiff under the same "special security restrictions" that existed under the VCU policy (id. at 4).

## III.    Preliminary Injunction

A preliminary injunction is an extraordinary and drastic remedy.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*); Pratt v. Rowland, 65 F.3d 802, 805 (9th Cir. 1995).  A court must deny a request for a preliminary injunction "unless the facts and law clearly favor the moving party." Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994).

The Ninth Circuit recognizes two tests for determining whether a district court should grant a preliminary injunction.  See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995).  Under either test, the movant bears the burden of persuasion, Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003), and must demonstrate a significant threat of irreparable injury.  AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

## IV.    Analysis

### A.    Plaintiff's Motion to Enjoin Defendants

In light of the return of Plaintiff's legal materials and his request to withdraw his first motion, the Court will deny the motion as moot.

### B.    Plaintiff's Motion for a Preliminary Ruling

Viewed as a motion for preliminary injunctive relief, the Court finds that Plaintiff fails to demonstrate a significant threat of irreparable injury.  Plaintiff alleges that he is subject

- 4 -

to unconstitutional restrictions. (Doc. #40.) Specifically, he claims that he is subject to full restraints—including lead chain cuffs and leg irons—during transfer. (Id. at 4.) He is strapped face down in full restraints to a gurney for any transport. Also, the policy provides that a video camera must be used and a supervisor must be present during each transport. (Id.) But Plaintiff does not describe any specific injury or threat of injury beyond the alleged violation of his constitutional rights. Without more, these allegations do not warrant a preliminary injunction.

In the alternative, Plaintiff's motion for a preliminary ruling could be construed as a motion for summary judgment. Summary judgment is warranted if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file show that there is no genuine dispute regarding the material facts. Fed. R. Civ. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden to present the basis for its motion and identify those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*). The non-moving party should be given an opportunity to gather evidence to oppose a summary judgment motion before a final ruling is issued. See Fed. R. Civ. P. 56(f).

In support of his motion, Plaintiff proffers a copy of the VCU policy and a copy of the June 2007 memorandum informing all staff to discontinue the use of the terms VCU and Violence Control Unit. (Doc. #37, Exs. A-B.) But this evidence is insufficient on its own to establish as a matter of law that the VCU policy is unconstitutional. There are no affidavits, depositions, interrogatories, or admissions to support Plaintiff's limited facts concerning the application of the VCU policy or its current incarnation. Nor is there a separate statement of facts accompanying the motion as required under the Local Rules of Civil Procedure. LRCiv. 56.1. As such, the facts and arguments have not been fully fleshed out. Indeed, discovery has only just begun; on October 11, 2007, the Court issued the Scheduling and Discovery Order, which provides that discovery is not due until June 2008

and dispositive motions are not due until August 2008 (Doc. #43). At this stage in the litigation, any ruling on the constitutionality of the policy would be premature.

For these reasons, the Court finds that Plaintiff has failed to meet his burden to demonstrate entitlement to either injunctive relief or a preliminary ruling. Plaintiff's Motion for a Preliminary Ruling will be denied. Accordingly,

**IT IS HEREBY ORDERED:**

(1) Plaintiff's "Motion to Enjoin Defendants from Further Reprisals and Retaliation, and to Return his Legal Papers" (Doc. #33) is **denied** as moot.

(2) Plaintiff's "Motion for Preliminary Ruling that Institution Order 804-10E, 804.06 Violence Control Unit, is Unconstitutional" (Doc. #37) is **denied** without prejudice.

DATED this 13th day of December, 2007.

Stephen M. McNamee
United States District Judge